UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMECIA ALLEN,                          )
                                        )
         Plaintiff,                     )
                                        )
v.                                      )  Cause No.:  1:20-cv-1793
                                        )
SAM'S EAST, INC.,                       )
                                        )
         Defendant.                     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Jamecia Allen ("Allen" or "Plaintiff"), by Counsel, brings this

action against Defendant, Sam's East, Inc. ("Defendant", hereinafter), alleging violations

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et. seq., the

Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and Family and

Medical leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2.      Allen is a resident of Marion County in the State of Indiana who at all

times relevant to this action resided within the geographical boundaries of the Southern

District of Indiana.

3.      Defendant routinely conducts business within the geographical

boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. §2000e-5(f)(3); and 29 U.S.C. §2617(4).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

6.      Allen, at all relevant times, was an "eligible employee" as that term is defined by ), and 29 U.S.C. §2611(2).

7.      Allen was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

8.      Allen was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Allen's disability and/or regarded Allen as being disabled and/or Allen has a record of being disabled.

9.      Allen satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on her race and disability.

10.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11.     Allen, African American, was hired by Defendant on or around August 12, 2015, at its Sam's Club Distribution Facility in Greenfield, Indiana. Allen worked in Receiving.

12.     At all relevant times, Allen met or exceeded Defendant's legitimate performance expectations.

13.     On or about October 22, 2018, Allen engaged in protected activity when she complained that she was singled out for discipline regarding her cell phone use, while similarly situated Caucasian Co-workers were not disciplined.

14.     On another occasion, Allen engaged in protected activity when she complained when Kevin Barnes, a shipping clerk, called a truck driver a racial slur. Barnes was not reprimanded.

15.     In or around November 2018, Allen was in a massive car accident that forced her to take medical leave from December 9, 2018 to the end of February 2019.

16.     Allen suffered memory loss, anxiety, and PTSD following the accident. Allen's health condition qualifies as a "disability" as that term is defined by the American Disabilities Act, as amended.

17.     Allen returned to work in or around the end of February 2019 and notified Human Resources, Kelli Richie, of her health condition.

18.     On or around March 9, 2019, Allen received a write up for allegedly failing to stop an appointment. This appointment did not result in any lost time.

19.     Allen engaged in protected activity when she complained of discrimination for the write-up because none of her Caucasian co-workers received a write up if they failed to stop an appointment and no time was lost or if a manager stopped the appointment for the employee to save them from lost time.

20.     Days later, Defendant terminated Allen's employment on or around March 16, 2019 citing a safety-related policy that was created while Allen was out on Medical Leave. Allen was not made aware of this new policy.

21.     Defendant's stated reason for termination is pretext for race and disability discrimination, retaliation for engaging in a protected activity and for using leave under the FMLA.

## V. CAUSES OF ACTION

### COUNT I. RACE DISCRIMINATION

22.     Allen hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

23.     Defendant violated Allen's rights and discriminated against her based on her race.

24.     Defendant's actions were intentional, willful, and in reckless disregard of Allen's rights as protected by Title VII of the Civil Rights Act of 1964.

25.     Allen has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION

26.     Allen hereby incorporates by reference paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

4

27.     Defendant discriminated against Allen by failing to accommodate her and subjecting her to disparate treatment on the basis of her disability.

28.     Defendant's actions were intentional, willful, and in reckless disregard of Allen's rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

29.     Allen has suffered damages as a result of Defendant's actions.

### COUNT III: RETALIATION

30.     Allen hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

31.     Allen engaged in a protected activity until Title VII.

32.     Defendant terminated Allen's employment because she engaged in an activity protected by Title VII.

33.     Defendant's actions were intentional, willful, and in reckless disregard of Allen's rights as protected by Title VII of the Civil Rights Act of 1964.

34.     Allen has suffered damages as a result of Defendant's actions.

### COUNT IV: FMLA-RETALIATION

35.     Allen hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

36.     Defendant retaliated against Allen for exercising her rights under the FMLA.

37.     Defendant's actions were intentional, willful, and in reckless disregard for Allen's rights as protected by the FMLA.

5

38.     Allen suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jamecia Allen, by counsel, respectfully requests that this Court find for Plaintiff and:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and/or disability;

2.      Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3.      Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4.      Award the Plaintiff compensatory damages for Defendant's violations of Title VII and the ADA;

5.      Award the Plaintiff punitive damages for Defendant's violations of Title VII and the ADA;

6.      Award the Plaintiff liquidated damages for Defendant's violations of the Family Medical Leave Act;

7.      Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

8.      Award the Plaintiff pre- and post-judgement interest on all sums

recoverable; and

9.      Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
411 Main Street
Evansville, Indiana 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email:          ad@bdlegal.com
*Attorney for Plaintiff, Jamecia Allen*

## DEMAND FOR JURY TRIAL

Plaintiff, Jamecia Allen, by counsel requests a trial by jury on all issues deemed

so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
411 Main Street
Evansville, Indiana 47708
Telephone:    (812) 424-1000
Facsimile:     (812) 424-1005
Email:          ad@bdlegal.com
*Attorney for Plaintiff, Jamecia Allen*